UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JESSICA RECINOS-ROBLERO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:19-cv-00121-TWP-DML |
| FIDELITY AUTOMOTIVE, INC., | ) ) ) |
| Defendant. | ) ) |

### ENTRY ON MOTION *IN LIMINE* AND OBJECTIONS TO EXHIBITS

This matter is before the Court on a Motion *in Limine* filed by Plaintiff Jessica Recinos-Roblero ("Roblero") (Filing No. 86). Roblero initiated this lawsuit against Defendant Fidelity Automotive, Inc. ("Fidelity") alleging that she was subjected to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964. Because of catastrophic flooding at the New Albany Courthouse, this matter is now scheduled for a jury trial on August 25, 2022. Roblero has moved the Court to rule on various pretrial evidentiary issues. Additionally, the parties objected to several exhibits during the final pretrial conference that the Court took under advisement (Filing No. 97).[1] For the following reasons, Roblero's Motion *in Limine* is **granted in part and denied in part** and the parties' objections to exhibits are **sustained in part and overruled in part**.

### I.  LEGAL STANDARD

District courts maintain "broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). "Motions *in limine* are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).

---

[1] The Court believes the specific objections to exhibits 201, 204-210, 214, 216, and 228 are covered by its decisions on Roblero's Motion *in Limine* and does not discuss them individually.

The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means the court is unable to determine, before trial, whether the evidence should be excluded. *Id.* at 1401. During trial, however, the presiding judge "is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

## II.   DISCUSSION

### A.   Roblero's Motion *in Limine*

Roblero seeks a preliminary evidentiary ruling prior to trial, regarding exclusion of the following categories of evidence: (1) findings or lack thereof by the Equal Employment Opportunity Commission ("EEOC") concerning Roblero's Charge of Discrimination; (2) the disposition of claims that were dismissed at summary judgment; (3) settlement negotiations; (4) her unemployment claim; (5) her employment with Fidelity after July 26, 2018, including her performance, discipline, and termination; and (6) any evidence relating to her employment prior to or after her employment with Fidelity. (Filing No. 86 at 1.) The Court will address each request in turn.

#### 1.   Evidence referencing findings of lack thereof by the EEOC

Fidelity does not object to Roblero's Motion on issue (1), and does not object to the motion baring the EEOC's findings or lack thereof; however, it does believe that Roblero's Charge of Discrimination document may be relevant to her hostile work environment claim or for the purpose of impeachment. The Court agrees and finds that the Charge of Discrimination document may be

admissible at trial. However, the EEOC findings should be excluded. Thus, Roblero's Motion is **granted** as to this request.

2. **Disposition of Roblero's Dismissed Claims of Discrimination and Retaliation**

Roblero argues that any evidence of her discrimination and retaliation claims being dismissed at summary judgment should be excluded as irrelevant and prejudicial. (Filing No. 87 at 5-6.) In response, Fidelity objects that evidence relating to Roblero's dismissed claims may be relevant to her hostile work environment claim. (Filing No. 88 at 2.) The Court does not read Roblero's exclusion request to include specific evidence related to her claims of discrimination and retaliation, but rather asking that Fidelity be precluded from telling or implying to the jury that these claims were dismissed by the Court. The Court agrees that the disposition of these other claims is irrelevant at trial. *See Camm v. Clemons*, No. 4:14-cv-00123-TWP-DML, 2021 WL 5235097, at *4 (S.D. Ind. Nov. 9, 2021). This portion of Roblero's Motion is **granted**.

3. **Any Evidence of Settlement Negotiations**

Fidelity has no objection and does not intend to offer evidence of settlement negotiations and this portion of Roblero's Motion is **granted**.

4. **Any evidence relating to Unemployment Claim**

Fidelity has no objection and does not intend to offer evidence of any unemployment claim, and this portion of Roblero's Motion is **granted**.

5. **Employment with Fidelity after July 26, 2018**

Roblero next asks the Court to exclude any evidence relating to her employment with Fidelity after July 26, 2018, including her performance, discipline, and termination. Specifically, Roblero argues that this evidence is irrelevant to her hostile work environment claim and the only purpose Fidelity could have to offer it would be to attack Roblero's character. (Filing No. 87 at 9.)

In response, Fidelity argues that this evidence is relevant as Roblero's job performance shows her as "not being able to get along with other employees, instigating fights with employees, and causing disturbances in the workplace". (Filing No. 88 at 4.) Fidelity argues that it intends to defend against Roblero's claims by demonstrating that her behavior created or contributed to the hostility that might have existed. *Id.* Fidelity also asserts that Roblero's termination may show the jury that the alleged hostility was neither severe nor pervasive enough to cause Roblero to quit her job. *Id.*

The Court believes any prohibition on this type of evidence at this stage would be premature as it cannot conclude this evidence would be inadmissible for any purpose at trial. Thus, an evidentiary ruling must wait until trial when the specific questions surrounding admissibility may be resolved in context. The motion *in limine* on this information is **denied**.

### 6. Employment Before and After Working with Fidelity

Finally, Roblero asks the Court to exclude any evidence relating to her employment either before or after working at Fidelity. (Filing No. 87 at 11.) Roblero argues that any attempt to use this type of evidence as proof that Roblero was a poor worker at Fidelity should be excluded as inadmissible character evidence. *Id.* Roblero also contends that, even if this evidence were relevant, its prejudicial effect substantially outweighs any probative value it may have. *Id.*

In response, Fidelity argues that this request is "extremely overbroad". (Filing No. 88 at 5.) Fidelity argues that while it has no present intention to use this type of evidence, it should not be precluded from asking questions about Roblero's job history or her performance in those positions. *Id.* Fidelity's point is well-taken. At this pretrial stage, the Court cannot conclude that this evidence is not admissible for any purpose. Therefore, this evidentiary ruling must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. Thus,

Roblero's motion *in limine* concerning this evidence is **denied**. If Roblero believes a particular line of questioning or argument during trial is improper, she may object at that time.

B.      **Fidelity's Objection to Exhibit 119**

Roblero's final exhibit list included an investigative report conducted by Frank Worgull ("Worgull"), a former Human Resources Supervisor at Fidelity who investigated some of Roblero's allegations. This exhibit, Exhibit 119, includes a "Summary and Conclusions" section where Worgull wrote, "Based on video evidence, I feel that [Roblero] was being harassed and put in a hostile work environment." Fidelity objects to this portion of the exhibit as inadmissible expert opinion by a non-expert. Roblero argues that it is admissible as a business record under Federal Rule of Evidence 803(6).

The Court agrees that this document, in its entirety, appears to be an admissible business record under Rule 803(6). Additionally, under Federal Rule of Evidence 701, a non-expert witness may provide opinion testimony when (a) it is rationally based on the witness' perception; (b) helpful to clearly understanding the witness' testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. While the Court cannot determine the specific context in which this exhibit will be used at trial, Worgull's statement in the exhibit appears potentially admissible under Rule 701 or 803. Thus Fidelity's objection is **overruled**. If Fidelity feels that the document fails to meet the requirements of Rules 701 or 803 at trial, counsel may make that objection at that time.

C.      **Roblero's Objections to Exhibits 211, 212, and 237**

Fidelity's proposed exhibits 211, 212, and 237 are written statements from Greg Hahn, Evan Tweedy, and Joe Johnson. Roblero objects to these exhibits as hearsay and because these individuals are testifying at trial. Additionally, Roblero objects to Mr. Johnson's statement as Fidelity filed it after the exhibit filing deadline.

The Court agrees that these written statements are hearsay. These witnesses will be present at trial and their out-of-court statements do not appear at present to meet the requirements of a recorded recollection or business record under Federal Rule of Evidence 803. Roblero's pretrial objections are **sustained**. If Fidelity feels that these documents do become admissible and are able to meet the requirements under Rule 803 at trial, it may make that argument at that time.

D.      **Roblero's Objections to Exhibits 229 through 235**

Finally, Roblero objects to Fidelity's exhibits that include several Facebook posts made by Roblero. Specifically, Roblero argues that these posts are irrelevant and prejudicial to her hostile work environment claim. In response, Fidelity argues that the posts go to Roblero's personality and state of mind, including the type of person she is and what role she may have played in creating a hostile work environment. Upon review of these proposed exhibits, the Court finds that it cannot definitively rule on the admissibility of these exhibits before trial. Depending on when and how they are used, these exhibits may be admissible and appropriately used. Therefore, Roblero's objections are **overruled**. If these exhibits are offered at trial and Roblero feels they are being offered inappropriately, she may make that objection at that time.

### III.     CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** Roblero's Motion *in Limine* ([Filing No. 86](Filing No. 86)). Additionally, the objections to Exhibits 119 and 229 through 235 are **OVERRULED** and the objections to Exhibits 211, 212, and 237 are **SUSTAINED**. An order *in limine* is not a final, appealable order. If the parties believe that specific evidence excluded by this Order becomes relevant or otherwise admissible during trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during trial, counsel may raise specific objections to that evidence at the appropriate time.

**SO ORDERED**.

Date: 5/19/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Lauren Elizabeth Berger
BIESECKER DUTKANYCH & MACER LLC (Evansville)
lberger@bdlegal.com

Kyle Frederick Biesecker
BIESECKER DUTKANYCH & MACER, LLC
kfb@bdlegal.com

Andrew Dutkanych, III
BIESECKER DUTKANYCH & MACER LLC (Indianapolis)
ad@bdlegal.com

Diana Kozlova
BIESECKER DUTKANYCH & MACER LLC
dkozlova@bdlegal.com

Kiboni A. Yarling
BIESECKER DUTKANYCH & MACER LLC
kyarling@bdlegal.com

Taylor Jon Ferguson
BIESECKER DUTKANYCH & MACER, LLC
tferguson@bdlegal.com

Joshua Taylor Rose
ABELL ROSE LAW
jrose@abellroselaw.com